Henderson, Chief-Justice.
 

 An estoppel is the conclusive ascertainment of a fact by the parties, so that it no longer can be controverted between them. It is not solely the result of the act of the parties themselves, but may be by the adjudication of a court appointed to try the facf. After an estoppel has thus arisen, if the existence of the fact, contrary to it, is averred by one of the parties, the other may shew it by pleading if it be not already apparent upon the record, and pray judgment if it shall be controverted. But if the party seeking the benefit of the estoppel will not rely on it, but will an- , ,, , . .... , swer to the fact, and again put it m issue, the estoppel, when offered in evidence to the jury, looses its conclusive character, becomes mere evidence, and like all other evidence, may be repelled by opposite proof, and the jury may, upon the whole evidence, find the truth. This is the rule only in cases where the party relying upon it has had an opportunity of pleading it as an estoppel, and does not do so, but takes issue on the fact. Where he has no opportunity of pleading it as an estoppel, as in actions of ejectment and others, whore the pleadings are,general, there the estoppel retains its conclusive character, and the jury must find according to it. This is common learning and common
 
 sense;
 
 by departing from it, we are involved in many difficulties and absurdities. The most competent evidence is to be rejected, because the other party has first got before the jury something of a higher and more conclusive character, but which the jury have not passed upon, even as to its genuineness
 
 ;
 
 and if this lesser evidence bo received, the
 
 *510
 
 jury are to be told first to pass upon the higher evidence, and if they find it to be genuine, then entirely to disregard the lesser; but if they should find it not tobe genuine, then to turn their attention to this lesser evidence ; and here we have it gravely contended, although the defendant has himself averred the fact, that he has paid the money for which this suit is brought, and has not relied on the acknowledgement of payment contained in the bill of sale, that the plaintiff shall not be permitted to read to the jury the defendant’s own letter, requesting him to deliver to his agent the ariicics purchased, for the price of which, this suit is brought, and promising that he will pay him for them. That this letter, coming from the defendant, and therefore competent — upon the subject in dispute, and therefore relevant, shall have no weight with the jury in determining a fact which they are sworn to decide according to the evidence. If the defendant had chosen, perhaps he might have concluded the plaintiff from alleging that the debt was not paid; but he shall not avoid the risk of pleading the release as an estoppel, and yet have all the advantages of its conclusive character before the jury. It is like pleading and demurring, at the same time,'to the whole declaration.
 

 The case of
 
 Brocket v.Poscue
 
 (X
 
 Hawks
 
 64) explained and then approved.
 

 We are aware, that this decision is at variance with the principles, declared in the case of
 
 Brocket
 
 v.
 
 Foscue,
 
 as applied in that case, but with the principles themselves this decision does not interfere.— There, by an oversight, w'e did not take this view of their application, and we are indebted to our brother Daniel for it in this case. We hope by adhering to the law in its simplicity, to avoid the perplexities so often encountered on the trial of causes, and that we shall seldom hear of objections to evidence the most competent and relevant, because the jury have something before them already, but which
 
 they
 
 have not yet decided on, of a more conclusive character. If the lesser evidence has been first offered, telling the jury to pass first on the higher evidence, before they even look at the lower, necessarily, in the deliberations of a
 
 *511
 
 jury, leaves them to find one fact, before they turn their attention to another, and frequently one fact decides the cause, and is often so dependent on another, that it is unnecessary to examine the latter before the former is disposed of. But it is rather novel for the jury to have before them, at the same time, evidence of such different grades, that they must examine and dispose of one class, before they can look at another. This is requiring of them more than they can
 
 do;
 
 necessarily, they must take the whole evidence, upon one fact, into consideration, they cannot, if they would, do otherwise,
 

 ¥e wish again to repeat, that wo do not consider this decision at all at variance with the case of
 
 Brocket
 
 v.
 
 Foscue;
 
 it affects only the application of the principles, in the state of the pleadings there, we think it was decided by the wrong forum. If the conclusiveness of the receipt and acquittance in the deed had been relied on, it should have been pleaded as an estoppel, this not having been done, but issue joined on the fact of payment, the deed was only evidence of that fact, and the jury .should not have been concluded by it.
 

 Per Curiam. — Judgment appirmed.